NUMBER 13-08-00616-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE MATTER OF R.M., III, A CHILD


 


On appeal from the 449th District Court 


of Hidalgo County, Texas, Sitting as a Juvenile Court.


 


MEMORANDUM OPINION



Before Justices Rodriguez, Garza, and Benavides


Memorandum Opinion by Justice Rodriguez


 

 In 2003, at the age of sixteen, appellant, R.M., III, drove a vehicle that was involved
in a gang-related shooting. The passenger of the vehicle shot at a residence, striking two
adults and a three-year-old girl. The three-year-old girl died. Appellant cooperated with
authorities and on June 10, 2004, after testifying at the trial of the adult co-defendant who
fired the weapon, pleaded true to the offense of murder. See Tex. Penal Code Ann. §
19.02 (Vernon 2003). The trial court sentenced appellant to the Texas Youth Commission
(TYC) for a determinate sentence of twelve years.

 On July 3, 2008, the TYC requested that a transfer hearing be conducted to
determine whether appellant should be transferred to the Texas Department of Criminal
Justice-Institutional Division (TDCJ-ID). The TYC stated that appellant had not yet
completed his twelve-year sentence and that TYC believed appellant's conduct within the
TYC indicated that the welfare of the community required his transfer. See Act of May 27,
1995, 74th Leg., R.S., ch. 262, § 61, 1995 Tex. Gen. Laws 2517, 2572 (amended 2007)
(giving TYC authority to refer a child to the juvenile court for transfer to TDCJ-ID before
the child becomes twenty-one years of age) (current version at Tex. Hum. Res. Code Ann.
§ 61.079(a) (Vernon Supp. 2009)); In re J.J., 276 S.W.3d 171, 174-77 (Tex. App.-Austin
2008, pet. denied) (providing that the provision of the human resources code governing a
transfer in effect at the time a juvenile was adjudicated delinquent governs a referral of the
juvenile by TYC for transfer). On August 25, 2008, the trial court entered an order
transferring appellant into the custody of the TDCJ-ID for completion of his twelve-year
sentence. (1) See Tex. Fam. Code Ann. § 54.11(i)(2) (Vernon Supp. 2009). Appellant
appeals from the trial court's transfer order. See id. § 56.01(c)(2) (Vernon Supp. 2009).

 Concluding that the record contains no reversible error and no jurisdictional defects,
appellant's counsel filed an Anders brief in which he reviewed the merits, or lack thereof,
of the appeal. We affirm.

I. Compliance with Anders v. California

 Pursuant to Anders v. California, 386 U.S. 738, 744 (1967), appellant's
court-appointed appellate counsel has filed a brief with this Court, stating that "there are
no arguable grounds for reversal." See id.; In re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998)
(orig. proceeding) (applying procedures enumerated in Anders to juvenile matters). 
Counsel's brief discusses relevant portions of the record as they pertain to the following: 
(1) the sufficiency of the evidence to support the transfer; and (2) objections made by
defense counsel at the transfer hearing. See In re Schulman, 252 S.W.3d 403, 407 n.9
(Tex. Crim. App. 2008) ("In Texas, an Anders brief need not specifically advance 'arguable'
points of error if counsel finds none, but it must provide record references to the facts and
procedural history and set out pertinent legal authorities.") (citing Hawkins v. State, 112
S.W.3d 340, 343-44 (Tex. App.-Corpus Christi 2003, no pet.)); Stafford v. State, 813
S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

 Including record references to the facts and setting out pertinent legal authorities,
appellant's counsel has carefully discussed why, under controlling authority, there are no
errors in the trial court's order transferring appellant from the TYC to the TDCJ-ID. See
High v. State, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978). Counsel has
stated to this Court that he is unable to raise any arguable issue for appeal and has
forwarded a copy of the brief and his request to withdraw as counsel to appellant. Counsel
also provided appellant with a copy of the record and informed appellant of his right to
review the record and to file a pro se response. (2) See Anders, 386 U.S. at 744; Stafford,
813 S.W.2d at 510 n.3; see also In re Schulman, 252 S.W.3d at 409 n.23. More than an
adequate period of time has passed, and appellant has not filed a pro se response. See
In re Schulman, 252 S.W.3d at 409.II. Independent Review

 Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488 U.S.
75, 80 (1988). We have reviewed the entire record and counsel's brief and have found
nothing that would arguably support an appeal. See Bledsoe v. State, 178 S.W.3d 824,
826-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of Texas Rule
of Appellate Procedure 47.1."); Stafford, 813 S.W.2d at 509. Accordingly, we affirm the 
transfer order of the trial court.

III. Motion to Withdraw In accordance with Anders, appellant's attorney has asked this Court for permission
to withdraw as counsel for appellant. See Anders, 386 U.S. at 744; see also In re
Schulman, 252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80 (Tex.
App.-Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must
withdraw from representing the appellant. To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the appellate court
that the appeal is frivolous.") (Citations omitted.)). We grant counsel's motion to withdraw
that was carried with the case on November 3, 2009. Within five days of the date of this
Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant
and to advise appellant of his right to file a petition for discretionary review. (3) See Tex. R.
App. P. 48.4; see also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Delivered and filed the 17th

day of December, 2009.




1. At the motion to transfer hearing, the parties stipulated that appellant was twenty years old.
2. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the
rules of appellate procedure in order to be considered. Rather, the response should identify for the court
those issues which the indigent appellant believes the court should consider in deciding whether the case
presents any meritorious issues." In re Schulman, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting
Wilson v. State, 955 S.W.2d 693, 696-97 (Tex. App.-Waco 1997, no pet.)).
3. No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within
thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this
Court. See Tex. R. App. P. 68.2. Any petition for discretionary review must be filed with this Court, after which
it will be forwarded to the Texas Court of Criminal Appeals. See Tex. R. App. P. 68.3; 68.7. Any petition for
discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate
Procedure. See Tex. R. App. P. 68.4.